# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| INTERACTIVE MEDIA CORP. ) | |
| d/b/a KANGURU SOLUTIONS ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IOENGINE, LLC ("Plaintiff" or "IOENGINE"), by and through its undersigned counsel, alleges as follows:

## THE PARTIES

1. IOENGINE is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 22 Ensign Road, Norwalk, Connecticut 06853.

2. Defendant Interactive Media Corp. d/b/a Kanguru Solutions ("Defendant" or "Kanguru") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1360 Main Street, Millis, Massachusetts 02054.

3. Defendant's registered agent in the State of Delaware is The Company Corporation, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendant is a corporation organized and existing under the laws of Delaware, has transacted and does transact business within Delaware, and has committed and contributed to and induced acts of patent infringement in Delaware and this District. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to individuals in Delaware.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District and has committed and continues to commit acts of patent infringement in this District. For example, on information and belief, Defendant has made, used, sold, offered for sale, and/or imported infringing products and services in this District.

## BACKGROUND

8. This dispute involves technology that allows enhanced capabilities on portable electronic devices. For example, the technology at issue provides for terminal processors and peripheral device processors to execute program code stored on the peripheral device, allowing

advanced functionality to be added to standard peripheral devices and allowing peripheral devices to access networks using a terminal's network interface.

9. The technology at issue was invented by Scott McNulty, who also founded IOENGINE.

## THE PATENT-IN-SUIT

10. On September 17, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,539,047 ("the '047 Patent"), entitled "Apparatus, Method and System for a Tunneling Client Access Point," to Scott McNulty after full and fair examination. The application that led to the '047 Patent, U.S. Patent Application Ser. No. 12/950,321, was a continuation of U.S. Patent Application Ser. No. 10/807,731 and claims priority to at least March 23, 2004. IOENGINE is the assignee of all right, title, and interest in and to the '047 Patent and possesses all rights of recovery under the '047 Patent, including the right to recover damages for past infringement. A true and correct copy of the '047 Patent is attached hereto as Exhibit A.

## KANGURU'S INFRINGEMENT

11. IOENGINE incorporates by reference the preceding paragraphs as if fully set forth herein.

12. As described below, Kanguru infringes the claims of the '047 Patent directly (alone or jointly), and indirectly by contributing to and inducing direct infringement by others, by making, using, selling, offering for sale, importing into the United States, and encouraging the manufacture, use, sale, and importation of products and services.

13. More specifically, the infringing products (the "Kanguru Infringing Products") include, but are not limited to, Kanguru's Defender Elite products (*e.g.*, Defender Elite,

Defender Elite200, and Defender Elite30), Defender Basic products (*e.g.*, Defender Basic and Defender Basic+), Defender RocIT products (*e,g.*, RocIT Defender 2000 FinanceSafe and RocIT Defender Elite), and Defender products (*e.g.*, Defender, Defender Pro, Defender SSD, Defender HDD, Defender 2000, Defender V2, Defender DualTrust, and Virtual Defender); products incorporating the foregoing; and reasonably similar Kanguru products with on-board storage and processing capabilities that embody the apparatuses or practice the methods claimed by the '047 Patent. The Kanguru Infringing Products meet the limitations of the '047 Patent literally and/or under the doctrine of equivalents.

14. Kanguru instructs and encourages its customers to use the Kanguru Infringing Products in a manner that infringes the claims of the '047 Patent including by providing user guides and data sheets for the Kanguru Infringing Products,[1] by providing information on its website (*available at* www.kanguru.com), including videos, demonstrations, and other

---

[1] *See, e.g.*, https://kanguru.zendesk.com/entries/21546002-Defender-2000-, https://kanguru.zendesk.com/entries/31069417-Defender-Elite200, https://kanguru.zendesk.com/entries/61171936-Defender-Elite30, https://kanguru.zendesk.com/entries/23454682-Kanguru-Defender-Basic-, https://kanguru.zendesk.com/entries/21303806-Kanguru-Defender-V2-, https://kanguru.zendesk.com/entries/22953783-Defender-DualTrust, https://kanguru.zendesk.com/entries/21566128-Kanguru-Defender-Defender-Pro, https://kanguru.zendesk.com/entries/21284612-Kanguru-Defender-Basic-, https://kanguru.zendesk.com/entries/21849833-Defender-HDD-SSD, https://kanguru.zendesk.com/entries/21973078-RocIT-Virtual-Defender-Secure-Mobile-Computing-Flash, https://kanguru.zendesk.com/entries/21973188-RocIT-Defender, http://www.kanguru.com/secure-storage/defender-2000.shtml, http://kanguru.com/secure-storage/defender-elite200.shtml, http://kanguru.com/secure-storage/defender-elite30.shtml, http://kanguru.com/secure-storage/defender-basic-plus.shtml, https://www.kanguru.com/secure-storage/defender-v2.shtml, http://kanguru.com/virtualization/dualtrust.shtml, https://www.kanguru.com/secure-storage/defender-elite.shtml, https://web.archive.org/web/20130203033610/http://www.kanguru.com/secure-storage/defender-basic.shtml, http://kanguru.com/secure-storage/defender-ssd.shtml, http://kanguru.com/secure-storage/defender-hdd.shtml, http://kanguru.com/virtualization/virtual-defender-sra.shtml, http://kanguru.com/virtualization/virtual-defender-smc.shtml, http://kanguru.com/virtualization/rocit-defender2000-finance-safe.shtml, https://kanguru.zendesk.com/entries/22220813-RocIT-Defender-2000-Finance-Safe-Sales-Sheet, and http://www.kryptoprodukter.se/whitepapers/KanguruRocITDefenderElite.pdf.

information for the Kanguru Infringing Products, and by providing technical support for the Kanguru Infringing Products, in each case that contains detailed descriptions and instructions for using and implementing functionality that, alone or in combination, practices the invention claimed in the '047 Patent, including at least, device installation, device setup/initialization, antivirus software registration, password setup, Kanguru Remote Management Console Cloud setup, device reset, device/user authentication, network setup, use of a secure execution environment, use of secure web browsers, use of secure email functionality, antivirus software license renewal, and use of the ViSoS Runtime Environment.

### FIRST COUNT FOR RELIEF
### (INFRINGEMENT OF THE '047 PATENT)

15.   IOENGINE incorporates by reference the preceding paragraphs as if fully set forth herein.

16.   Kanguru had actual knowledge of the '047 Patent at least as early as the filing of this Complaint.

17.   On information and belief, Kanguru has infringed and continues to infringe, directly (alone or jointly) and indirectly by way of inducement and contributory infringement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, one or more claims of the '047 Patent by performing, without authority, one or more of the following acts: making, having made, using, importing, selling, and offering for sale in the United States one or more products and services that embody one or more inventions described and claimed in the '047 Patent, including but not limited to the Kanguru Infringing Products. Since at least after receiving notice of this Complaint, Defendant has knowingly contributed to the infringement, and continues to contribute to the infringement, of one or more claims of the '047 Patent by selling and offering its products for sale to its customers, which products constitute a material

part of the invention and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Further, since at least after receiving notice of this Complaint, Defendant has induced infringement, and continues to induce infringement, of one or more claims of the '047 Patent, with specific intent that its products be used by its customers to infringe the '047 Patent.

18. By infringing the '047 Patent, Kanguru has caused and will continue to cause Plaintiff to suffer damages in an amount to be determined at trial.

19. Plaintiff has no adequate remedy at law against Kanguru's acts of infringement, and unless Kanguru is permanently enjoined from infringing the '047 Patent, Plaintiff will suffer irreparable harm.

20. To the extent that Kanguru has or continues to make, use, import, sell, or offer for sale products or services that infringe the '047 Patent following its awareness of the '047 Patent, Kanguru's infringement is willful and entitles IOENGINE to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on the complaint as follows:

a. Judgment in favor of Plaintiff and against Defendant for infringement of the '047 Patent;

b. Entry of a permanent injunction enjoining Defendant and its affiliated entities, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from directly or indirectly infringing, inducing the infringement of, or contributing to the infringement of the '047 Patent;

c.      An award to Plaintiff of compensatory damages arising out of Defendant's infringement, including increased damages for Defendant's willful infringement, together with pre-judgment and post-judgment interest thereon;

d.      An award to Plaintiff of costs, interest, and reasonable attorneys' fees incurred herein;

e.      An accounting for future sales; and

f.      Such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 31, 2014                    Smith, Katzenstein & Jenkins, LLP

                  /s/ Neal C. Belgam
                Neal C. Belgam (ID No. 2721)
                Robert K. Beste (ID No. 3931)
                nbelgam@skjlaw.com
                800 Delaware Avenue, Suite 1000
                Wilmington, Delaware 19899
                Telephone: (302) 504-1688

                Jeffrey Ostrow
                jostrow@stblaw.com
                SIMPSON THACHER & BARTLETT LLP
                2475 Hanover Street
                Palo Alto, California 94304
                Telephone: (650) 251-5000

                Noah M. Leibowitz
                nleibowitz@stblaw.com
                Gregory T. Chuebon
                gchuebon@stblaw.com
                SIMPSON THACHER & BARTLETT LLP
                425 Lexington Avenue
                New York, New York 10017
                Tel: (212) 455-2000
                *Attorneys for Plaintiff IOENGINE.*