IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IOENGINE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v., ) | Civil Action No. 14-1571-GMS |
| ) | |
| INTERACTIVE MEDIA CORP. ) | |
| d/b/a KANGURU SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

WHEREAS, pursuant to the Proposed Scheduling Order (D.I. 15) the defendants filed a letter requesting leave to file a motion for summary judgment of non-infringement of all asserted claims of U.S. Patent No. 8,539,047 ("the '047 patent") (D.I. 114);

WHEREAS, on November 17, 2016, the court ordered that leave to file a motion for summary judgment was granted, limited to claims 1, 24, 26, 27, and 30 of the '047 patent (the "Independent Claims") (D.I. 131.);

WHEREAS, Defendant Interactive Media Corp.'s ("IMC") moved the court for summary judgment[1] of invalidity and non-infringement arguing the '047 patent is drawn to an abstract idea and does not embody an inventive concept that is patent eligible under 35 U.S.C. § 101 (D.I. 137);

---

[1] Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*. Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). A fact is material only if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.*

In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.* In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party is also entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing or adduce evidence on an essential element of its case for which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

WHEREAS, having considered IMC's Motion for Summary Judgment (D.I. 136), the parties' submissions in connection with these motions (D.I. 137, 141, 145), and the applicable law;

IT IS HEREBY ORDERED that:

1. IMC's motion for summary judgment of invalidity and non-infringement of the '047 patent (D.I. 136) is DENIED.[2]

---

[2] Section 101 describes the general categories of patentable subject matter: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. These broad classifications are limited, however, by exceptions. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice*, 134 S. Ct. at 2354 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2216 (2013)). Courts have eschewed bright line rules circumscribing the contours of these exceptions. *See id.* ("[W]e tread carefully in construing this exclusionary principle lest it swallow all of patent law. At some level, all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." (internal citation and quotations marks omitted)). The Supreme Court's decision in *Alice* reaffirmed the framework first outlined in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012), used to "distinguish[] patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *See Alice*, 134 S. Ct. at 2355.

> First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts. If so, we then ask, what else is there in the claims before us? To answer that question, we consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application. We have described step two of this analysis as a search for an "inventive concept"— i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself.

*Id.* (internal citations, quotations marks, and alterations omitted). Thus, the court must determine (1) if the patented technology touches upon ineligible subject matter, and (2) whether there are sufficient inventive elements such that the invention is "'significantly more' than a patent on an ineligible concept." *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014) (quoting *Alice*, 134 S. Ct. at 2355); *see also Intellectual Ventures I LLC v. Capital One Bank (USA)*, No. 2014-1506, 2015 WL 4068798, at *2 (Fed. Cir. July 6, 2015); *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). "[A]n invention is not rendered ineligible for patent simply because it involves an abstract concept." *Alice*, 134 S. Ct. at 2354.

In computer-related technologies, the Federal Circuit recently clarified that a relevant question to ask even at the first step of the *Alice* analysis is "whether the focus of the claims is on the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Enfish*, 822 F.3d at 1335–36. Such claims directed to an improvement in computer functionality can be contrasted with those that (1) "simply add[ ] conventional computer components to well-known business practices; (2) "use . . . an abstract mathematical formula on any general purpose computer;" (3) recite "a purely conventional computer implementation of a mathematical formula;" or (4) recite "generalized steps to be performed on a computer using conventional computer activity." *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) (citing *Enfish*, 822 F.3d at 1338).

The Federal Circuit has cautioned that courts "must be careful to avoid oversimplifying the claims" by looking at them generally and failing to account for the specific requirements of the claims. *TLI Commc'ns*, 823 F.3d at 611. "Whether at step one or step two of the *Alice* test, in determining the patentability of a method, a court must look to the claims as an ordered combination, without ignoring the requirements of the individual steps." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016).

Applying the *Alice* framework, IMC argues claim 1 of the '047 is invalid under 35 U.S.C. §101 because it is generally directed to the abstract idea of providing communication with computing devices. (D.I. 137 at 7.) IMC asserts that the specification fails to disclose how or why the first, second, or third program code execution references are anything but a furtherance of an abstract idea. (*Id.* at 8.) Furthermore, IMC argues claim 1 is invalid

Dated: January 4, 2017

_____
UNITED STATES DISTRICT JUDGE

---

because it merely requires a generic computer implementation since it introduces a general purpose computer to implement its algorithm for providing communication with a portable device. (*Id.* at 10.) IMC similarly argues that claims 24, 26, 27 and 30 of the '047 patent are drawn to patent-ineligible subject matter under *Alice*. (*Id.* at 11-12.)

In response, IOENGINE asserts that the claims of the '047 patent are directed to a specific identified improvement in computer capabilities, not an abstract idea: "a particular implementation of a portable device with its own on-board processor that, according to a series of defined, ordered steps, executes code in response to communications resulting from user interaction with a user interface displayed on a terminal." (D.I. 141 at 7.) IOENGINE argues IMC's characterization of the Independent Claims is contrary to relevant Federal Circuit Court of Appeals case law. (*Id.* at 7-10.) IOENGINE contends that the Independent Claims of the '047 patent improve the function of the computing environment itself rather than "applying age-old concepts on a computer." (*Id.* at 10-12.)

The court disagrees with IMC's oversimplified characterization of the claims. Like the patent in *McRO* which was found not directed to an abstract idea, the Independent Claims of the '047 patent recite a specific arrangement of components and a very specific implementation and structure of the executable program code. 837 F.3d at 1313-14 (identifying claims as "limited to rules with specific characteristics," and "focused on a specific asserted improvement in computer animation, i.e. the automatic use of rules of a particular type"). Furthermore, the court disagrees with IMC's assertion that the '047 patent has no "particular concrete or tangible form" like the claims at issue in *Ultramercial*. (D.I. 137 at 14-15) (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014)) (finding claims directed to "showing an advertisement before delivering content" to be drawn to an abstract idea because it is "an abstraction—an idea, having no particular concrete or tangible form"). Unlike the claims in *Ultramercial* which were merely tied "only [to] a general purpose computer," the Independent Claims here define a tangible portable device with an unconventional hardware configuration that is able to run specific program code to provide the claimed functionality. 772 F.3d at 716.

More important, the court agrees, as IOENGINE maintains, that the Independent Claims of the '047 patent are directed to a "specific asserted improvement in computer capabilities," not to an abstract idea "for which computers are invoked merely as a tool." *See VideoShare*, 2016 WL 4137524, at *4 (citing *Enfish*, 822 F.3d at 1335-36). The specification supports this conclusion. *See Synchronoss Technologies, Inc. v. Dropbox Inc., et al.*, No. 16-cv-00119-HSG, 2016 WL 7406494, at *6 (N.D. Cal. Dec. 22, 2016) (considering the specification of the claims to conclude that "the claims are directed to improving the manner in which computers synchronize data between devices connected to a network, by making that process faster, reducing the amount of bandwidth and storage space used, enabling synchronization across different data formats, and enabling synchronization without requiring devices to be physically connected."). As the specification delineates, the claims are directed to addressing a specific technological problem in then-existing computing environments: portable devices were "bulky, provide[d] uncomfortably small user interfaces, and require[d] too much power to maintain their data." '047 Patent at 2:29-32. The specification further provides that the solution claimed in the '047 patent allows users "to simply plug the device into any existing and available desktop or laptop computer, through which, the [device can] make use of a traditional user interface and input/output (I/O) peripherals, while [the device] itself, otherwise, provides storage, execution, and/or processing resources." *Id.* at 2:41-46.

Accordingly, the Independent Claims of the '047 patent are directed towards patentable subject matter and are not invalid under Section 101. Because the Independent Claims are not directed to ineligible subject matter, the court does not reach *Alice* step two. *Enfish*, 822 F.3d at 1339. Even if the Independent claims of the '047 patent could be considered directed to an abstract idea, the analysis above demonstrates that they are patent eligible under step two of Alice, as they contain a sufficient "inventive concept." *Alice*, 134 S. Ct. at 2355. IMC's motion for summary judgment will be denied.

3